IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INSECT SCIENCE RESOURCE, LLC,

Plaintiff,

v.

TIMBERLINE FISHERIES CORP.,

Defendant.

CIVIL ACTION NO.
1:07-CV-2662-JEC

## ORDER and OPINION

This case is presently before the Court on defendant's Motion to Dismiss [68], defendant's Motion to Stay Discovery [69], and plaintiff's Second Motion to Amend Complaint and First Motion to Add Party Plaintiff [72]. The Court has reviewed the record and the arguments of the parties and, for the reasons stated below, concludes that defendant's Motion to Dismiss [68] should be **GRANTED**, and defendant's Motion to Stay Discovery [69] and plaintiff's Second Motion to Amend Complaint and First Motion to Add Party Plaintiff [72] should be **DENIED as moot**.

## BACKGROUND

This case involves a trademark dispute between plaintiff Insect Science Resource, LLC ("plaintiff" or "ISR, LLC") and defendant Timberline Fisheries Corporation ("defendant"). Plaintiff is a

limited liability corporation organized by Dr. Craig Sheppard and his wife, Sheila Sheppard. (Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp.") [70] at 13-14.) Before plaintiff's incorporation, Dr. Sheppard, doing business as a sole proprietorship, developed the *Hermetia illucens* larva. (*Id.* at 13.) The larva, also known as a "black soldier fly," is a "live pet food (a feeder insect) for captive reptiles, amphibians, birds, fish, and small mammals." (Am. Compl. [60] at ¶ 7.) Dr. Sheppard referred to his invention as a "PHOENIX WORM," and, on August 29, 2005, filed an application to register the PHOENIX WORM mark with the U.S. Patent and Trademark Office ("USPTO"). (Pl.'s Resp. [70] at 13.) The USPTO issued a trademark registration for PHOENIX WORM to "David Craig Sheppard (Georgia Sole Proprietorship)" on August 8, 2006. (Ex. B, attached to Am. Compl. [60].)

In September 2005, Dr. and Mrs. Sheppard, operating as Insect Science Resource ("ISR"), began marketing the PHOENIX WORM. (*Id.*) On September 20, 2005, ISR contacted defendant in an attempt to have defendant distribute the product.[1] (Am. Compl. [60] at ¶ 12.) On

---

[1] Despite plaintiff's allegation that plaintiff initiated this contact, plaintiff was not yet incorporated on this date, thus it was ISR, and not ISR, LLC, that contacted defendants. Though plaintiff consistently makes this mistake in its Amended Complaint [60], the distinction between the entities is an important one. Therefore, throughout this opinion, the Court will use "ISR" to indicate when an action was taken by ISR, and not by plaintiff, ISR, LLC.

November 14, 2005, at defendant's request, ISR sent defendant samples of its black soldier fly larva and marketing materials. (*Id.* at ¶ 13.) After receiving these materials, on December 1, 2005, defendant contacted ISR, proposing that ISR provide defendant with "generic" black soldier fly larva that defendant could then sell under its own brand name. ISR declined. (*Id.* at ¶ 14.)

As of January 2006, ISR was offering PHOENIX WORMs for sale on its website, www.phoenixworm.com. (*Id.* at ¶ 15.) On May 12, 2006, Dr. and Mrs. Sheppard incorporated Insect Science Resource, LLC in Georgia. (Pl.'s Resp. [70] at 14.) Plaintiff contends that at this time, "Dr. Sheppard ceased doing business as a sole proprietorship and all interests and liabilities of David Craig Sheppard sole proprietorship were assumed by and incorporated into" plaintiff. (*Id.*) On June 23, 2006, defendant registered the website www.pheonixworm.com (a slight misspelling of plaintiff's exact mark), which plaintiff alleges was done "in an attempt to trade on [p]laintiff's good will." (Am. Compl. [60] at ¶ 16.) Plaintiff further alleges that, at different times, defendant had this website "point" to www.calciworms.com, where defendant sold the CALCIWORM: its own version of *Hermetia illucens*. (*Id.* at ¶¶ 18-21.)

On October 25, 2007, plaintiff filed the suit against defendant, alleging federal trademark infringement in violation of 15 U.S.C. § 1114; federal unfair competition in violation of 15 U.S.C. § 1125(a);

3

violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and common law infringement and unfair competition. (See Compl. [1] at ¶¶ 30-51.) On May 19, 2008, plaintiff moved to file its first amended complaint, including a new claim for federal false advertising in violation of 15 U.S.C. § 1125(a), which was submitted to a magistrate judge. (Mot. to Am. Compl. [21].) Upon the magistrate judge's recommendation (Report and Rec. [51]), the Court granted plaintiff's motion (Feb. 10, 2009 Order [58]), and plaintiff filed its Amended Complaint [60] on February 25, 2009.

On April 13, 2009, defendant filed a Motion to Dismiss [68] this case, alleging that plaintiff did not have standing to pursue the action. (Mot. to Dismiss [68].) Defendant concurrently filed a Motion to Stay Discovery [69] pending the Court's ruling on defendant's motion to dismiss. (Mot. to Stay Disc. [69].) Seeking to remedy the alleged standing defects in its complaint, plaintiff filed its Second Motion to Amend Complaint and First Motion to Add Party Plaintiff ("Motion to Amend") [72] on May 5, 2009. (Mot. to Amend [72].)

Each of these motions is presently before the Court.

## DISCUSSION

**I. Motion to Dismiss [68]**

Article III of the United States Constitution, Federal Rules of Civil Procedure, Rule 12(h)(3), Eleventh Circuit precedent, and

4

judicial economy all require dismissal of this case.

**A.   Standard for Dismissal for Lack of Subject Matter Jurisdiction and Standard for Article III Standing**

"Federal courts are courts of limited jurisdiction." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)) (internal quotation marks omitted). A party invoking federal jurisdiction thus "bears the burden of establishing its existence." *Parker v. Scrap Metal Processors, Inc.,* 386 F.3d 993, 1003 (11th Cir. 2004). That party must allege facts sufficient to show jurisdiction and, when the Court's jurisdiction is appropriately challenged, support those facts by competent evidence. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).

As suggested by *McNutt,* the Court may consider evidence outside the pleadings to determine whether it has jurisdiction. *See Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001)(citing *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001)). To that end, the Court has the power to grant a motion to dismiss for lack of subject matter jurisdiction on any of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *McElmurray v. Consol. Gov't of Augusta-Richmond County,* 501 F.3d 1244, 1251 (11th

Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)) (internal quotation marks omitted). In a case involving disputed facts, it may be necessary to provide an opportunity for discovery and a hearing "that is appropriate to the nature of the motion to dismiss." *Id.*

In this case, the Court is able to decide the standing question on the complaint supplemented by undisputed facts, without resolving any factual disputes. For purposes of this motion, the Court assumes all the allegations in the complaint are true and construes all facts in favor of plaintiff. *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (citation omitted). Accordingly, discovery and a hearing are not necessary.

Standing may be raised at any time by either the parties or the Court. *Bats v. Cobb County*, 495 F. Supp. 2d 1311, 1314 (N.D. Ga. 2007) (citing *Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999)). The standing requirement stems from Article III of the United States Constitution, which limits the subject matter jurisdiction of federal courts to "cases" and "controversies." U.S. CONST. art. III, § 2. This requirement prohibits federal courts from issuing advisory opinions on a plaintiff's claim. *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006). Whether a plaintiff has standing to assert a particular claim is thus a "threshold question in every federal case." *Id.* (internal quotation marks omitted). *See*

also *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1266 (11th Cir. 2006) ("It is by now axiomatic that a plaintiff must have standing to invoke the jurisdiction of the federal courts.").

"[T]he irreducible constitutional minimum of standing contains three elements." *CAMP*, 451 F.3d at 1269 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (internal quotation marks omitted). Those elements are: "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* (quoting *Granite State Outdoor Adver., Inc. v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003)) (internal quotation marks omitted). Each element is "an indispensable part of the plaintiff's case." *Id.* (internal quotation marks omitted).[2] Moreover, "standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." *Id.* at 1276 (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)) (internal quotation marks and emphasis omitted). The party claiming standing has the burden to plead these elements. *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th

---

[2] The federal judiciary also recognizes a set of prudential standing principles. *CAMP*, 451 F.3d at 1270. However, prudential standing is reached only when plaintiff first establishes that constitutional standing exists, which plaintiff here does not, *see infra*. Though plaintiff addresses prudential standing (*see, e.g.*, Pl.'s Resp. [70] at 9), it is a non-issue in the case.

7

Cir. 1990) (internal quotation marks omitted).

If a plaintiff lacks standing to bring an action, subject matter jurisdiction is absent and the court must dismiss the case. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue") (citation omitted); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 391-92 (5th Cir. 1977) ("A federal court must dismiss a case over which it has no jurisdiction whenever the jurisdictional defect appears.").[3]

### B. Plaintiff Does Not Have Standing

The Court must dismiss the case for lack of subject matter jurisdiction because plaintiff does not have standing. FED. R. CIV. P. 12(h)(3).

#### 1. Plaintiff Lacks Article III Standing

The injury in fact element of Article III standing requires that plaintiff have suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. To have a legally protectable interest in a trademark, a party must own the mark at the time of

---

[3] Decisions of the former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

8

filing. *See Visa U.S.A. Inc. v. First Data Corp.*, No. C 02-01786 JSW, 2006 WL 516662, at *7-8 (N.D. Cal. Aug. 16, 2005) (plaintiff "could not have suffered a cognizable injury under Article III because it did not maintain an enforceable right in the trademark it sought to protect"); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 777-79 (Fed. Cir. 1996), *amended on other grounds by Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 104 F.3d 1296 (Fed. Cir. 1996) (reversing district court's denial of a motion to dismiss for lack of standing because assignment of trademark rights executed after the suit commenced but whose effective date was before the filing was "not sufficient to confer standing . . . retroactively").[4]

Far from meeting its burden to prove the existence of federal standing, plaintiff admitted that Dr. Sheppard, not plaintiff, owned the trademark at the time of filing and at the time of defendant's

---

[4] The court further noted that:

> As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue. Parties could justify the premature initiation of an action by averring to the court that their standing through assignment is imminent. Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignments in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day.

*Gaia Techs., Inc.*, 93 F.3d 774 at 780 (citation omitted).

AO 72A
(Rev.8/82)

alleged infringement. (Mot. to Amend [72] at ¶¶ 12-13); *see also* Am. Compl. [60] at Exs. B, C (publicly filed documents showing that Dr. Sheppard owns trademark)[5]). *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("'Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.'"). In the face of plaintiff's admission and the accompanying exhibits, plaintiff's previous claims to be the owner of the mark fail. Therefore, plaintiff indisputably did not have standing to bring this action at the time of filing, *see Gaia*, 93 F.3d at 777-79.

### a. Dr. Sheppard Cannot Remedy This Defect by Assigning Mark to Plaintiff

Plaintiff argues that Dr. Sheppard has, subsequent to the filing of this action, assigned to plaintiff the domestic ownership rights in the mark, and that this assignment gives plaintiff standing to bring this suit. However, Dr. Sheppard's attempt to assign the mark cannot cure the standing defect.

Despite attempting to assign the mark to plaintiff on April 8, 2009,[6] a year and a half after the Complaint [1] was filed, Dr.

---

[5] On a motion to dismiss, the Court may take judicial notice of public records without converting the motion to one for summary judgment. *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999) (taking judicial notice of public records on file with the U.S. Securities and Exchange Commission).

[6] Though plaintiff states that it attempted to assign the mark on April 8, 2009, it did not file a copy of that document anywhere in the pleadings. (Mot. to Amend [72] at ¶ 10.)

10

Sheppard concurrently argues that he did not need to assign the mark because (1) he and the plaintiff are the "same party" and (2) that upon incorporation of ISR, ISR, LLC assumed "all interests and liabilities of David Craig Sheppard sole proprietorship." (See Mot. to Amend [72] at ¶ 10; Pl.'s Resp. [70] at 5, 14.)

First, the very fact that Dr. Sheppard attempted to assign the mark in April 2009 shows that he and ISR, LLC are separate entities. Second, this argument defies black-letter contract law that an individual and a corporate entity are legally separate and distinct. See, e.g., Lattanzio v. COMTA, 481 F.3d 137, 140 (2nd Cir. 2007) (a "limited liability company is a distinct legal entity that is separate from its owner"). Incorporating also would not automatically assign Dr. Sheppard's rights to ISR, LLC.

Furthermore, any assignment would have had to have been in writing before the case was filed, which it was not. See 15 U.S.C. § 1060(a)(3)-(4) ("[a]ssignments shall be by instruments in writing duly executed.... An assignment shall be void against any subsequent purchaser for valuable consideration without notice, unless the prescribed information reporting the assignment is recorded in the Patent and Trademark Office within three months after the date of the assignment or prior to the subsequent purchase.").

### b. *Nutritech* is Not Apposite

To support its argument that it should be able to assign the mark retroactively, plaintiff relies heavily on an unpublished case

from the District of Arizona. *See Nutritech Solutions, Ltd. v. Matrix Nutrition, LLC*, No. CV 06-461-PHX-MHM, 2007 WL 1424337 (D. Ariz. May 11, 2007). This is the only case plaintiff cites where a court made an exception to *Gaia*'s rule that an assignment cannot be made after the case has been filed.

In *Nutritech*, the plaintiff owned the mark at issue at the time of infringement, but assigned the mark to a third party prior to commencing suit. *Id.* at *1. After plaintiff filed the action, the third party assigned the mark and the attendant rights to sue for prior infringement back to plaintiff. *Id.* The defendant objected to this assignment as a basis for standing, relying on *Gaia* for the proposition that "a subsequent assignment of rights . . . does not confer retroactive standing to sue." *Id.* at *5. However, the *Nutritech* court held that the assignment could confer standing; the court held *Gaia* distinguishable, because in [*Nutritech*] "the assignment [was] back to the party who was allegedly injured by Defendants' actions and who owned the right to sue at the time of the alleged injury," whereas in *Gaia* the assignment was to a random third party. *Id.*

Plaintiff argues that like in *Nutritech*, this assignment was not to a random third party as in *Gaia*, but to an entity that had been harmed by defendant's actions. (Pl.'s Resp. [70] at 4-5.) However, this argument is unpersuasive. Unlike the *Nutritech* plaintiff, which

12

owned the mark at the time of the alleged infringement and suffered injury, ISR, LLC did not own the PHOENIX WORM mark at the time of infringement or any other time. *Nutritech*, 2007 WL 1424337 at *3. Because plaintiff had never owned the mark, plaintiff could not have suffered a legally cognizable injury when the infringement occurred.

Therefore, plaintiff cannot meet the injury in fact requirement of Article III standing and does not have subject matter jurisdiction over the case.

## 2. Judicial Economy Favors Dismissal

Presumably because it recognizes that the Court does not have jurisdiction over the case, plaintiff argues extensively that the Court should not dismiss the case for reasons of judicial economy because an "identical" case would be re-filed. (*See, e.g.*, Pl.'s Resp. [70] at 2, 12, 14.)

However, in addition to the fact that the Court is required to dismiss the case, dismissal will actually further judicial economy. The Court's resources are best preserved by hearing a case over which it undisputably has subject matter jurisdiction.[7] It would be far more wasteful to litigate this case and then be reversed on appeal because plaintiff did not have standing. If the case is re-filed, presumably the plaintiff will have standing, so the case will not be

---

[7] Defendant also argues that the case would be re-filed in Illinois for substantive reasons that the Court will not address in this Order. (*See, e.g.*, Reply to Mot. to Dismiss [75] at 3-4.)

13

identical, as plaintiff argues.

Accordingly, defendant's Motion to Dismiss should be **GRANTED**. The Court cannot do contortions to keep the case alive when plaintiff should have been more careful in filing. Additionally, plaintiff suffers no harm with dismissal; the case is dismissed without prejudice, so Dr. Sheppard can re-file the case. *See, e.g., Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.") (citation omitted).

## II. Motion to Stay Discovery [69] and Second Motion to Amend Complaint and Motion to Add Party Plaintiff [72]

Because the Court dismisses the case, defendant's Motion to Stay Discovery [69] and Second Motion to Amend Complaint and Motion to Add Party Plaintiff [72] are **DENIED as moot**. *See, e.g., Black v. Atlantic Se. Airlines, Inc.*, 851 F. Supp. 465, 469 (N.D. Ga. 1994) (Carnes, J.) (denying other motions as moot after dismissing case for lack of subject matter jurisdiction); *see also Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100-01 (1st Cir. 2001) ("[O]rders relating to the merits of the underlying action are void if issued without subject matter jurisdiction."). However, the Court will briefly address why the Court cannot add another party.

Plaintiff argues that if the assignment cannot resolve the standing dispute, joinder of Dr. Sheppard under Federal Rules of

14

Civil Procedure 15(a) and 19(a)(1) would be appropriate and would cure the standing defect. (*See generally* Mot. to Amend [72].) *See also* FED. R. CIV. P. 15(a), 19(a)(1). While plaintiff is correct that Federal Rule of Civil Procedure 19 requires that a trademark owner in possession of substantial interests in the mark is allowed to join an infringement suit involving that mark, the Rule assumes the suit is properly before the court. FED. R. CIV. P. 19(a)(1). *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1129-30 (Fed. Cir. 1995), upon which plaintiff relies, does not require otherwise, for constitutional standing was not at issue in that case; plaintiff had rights in the patents at issue at the time of the alleged infringement and at the time suit was filed.

In this case, plaintiff had no constitutional standing to bring this action. Because plaintiff had no constitutional standing, the Court has never had jurisdiction over this matter, and has no authority to take further action in this case. *Lujan*, 504 U.S. at 571 n. 4 ("It cannot be that, by later participating in the suit, [an additional party] created a redressability (and hence a jurisdiction) that did not exist at the outset."); *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1257 (E.D. Wash. 2004) ("Because [plaintiff] has no legally recognized interest that entitles it to bring or join an infringement action, its standing problem cannot be cured by the joinder of the . . . trademark registrants."); *Alabama v. U.S. Army Corps of Engineers*, 382 F. Supp.

2d 1301, 1315-16 (N.D. Ala. 2005) ("[W]hen the court has no jurisdiction over the *claims* in the original complaint, it must dismiss the case, and it has no jurisdiction to permit an amendment); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) (when jurisdictional defect is actual and substantive rather than formal, amendment is not allowed) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court finds that defendant's Motion to Dismiss [68] should be **GRANTED**, defendant's Motion to Stay Discovery [69] should be **DENIED as moot**, and plaintiff's Second Motion to Amend Complaint and First Motion to Add Party Plaintiff should be **DENIED as moot**. The case is **DISMISSED without prejudice**, and the Clerk is directed to close the case.

SO ORDERED, this ___ day of February, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

16