IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INSECT SCIENCE RESOURCE, LLC,

    Plaintiff,

v.

TIMBERLINE FISHERIES CORP.,

    Defendant.

CIVIL ACTION NO.
1:07-CV-2662

### ORDER and OPINION

This case is presently before the Court on plaintiff's Motion for Reconsideration [80]. The Court has reviewed the record and the arguments of the parties and, for the reasons stated below, concludes that plaintiff's Motion for Reconsideration [80] should be **DENIED**.

### BACKGROUND

This case involves a trademark dispute between plaintiff Insect Science Resource, LLC and defendant Timberline Fisheries Corporation. Plaintiff is a limited liability corporation organized by Dr. Craig Sheppard and his wife, Sheila Sheppard. (Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp.") [70] at 13-14.) Before plaintiff's incorporation, Dr. Sheppard, doing business as a sole proprietorship, developed the *Hermetia illucens* larva, a "live pet food (a feeder insect) for captive reptiles, amphibians, birds, fish, and small mammals." (*Id.* at 13.) Since at least December 2004, Dr. Sheppard

1

used the "PHOENIX WORM" mark in connection with the larva. (*Id.*) In August 2006, the U.S. Patent and Trademark Office ("USPTO") issued a trademark registration for PHOENIX WORM to "David Craig Sheppard (Georgia Sole Proprietorship)." (Certificate of Registration, attached to Am. Compl. [60] at Ex. B.)

On September 20, 2005, Insect Science Resource ("ISR") contacted defendant in an attempt to have defendant distribute the larva Dr. Sheppard had created.[1] (Am. Compl. [60] at ¶ 12.) At defendant's request, ISR subsequently sent defendant samples of the larva and marketing materials. (*Id.* at ¶ 13.) Upon its receipt of those materials, defendant contacted ISR to propose that ISR provide defendant with "generic" larvae that defendant could sell under its own brand name. (*Id.* at ¶ 14.) ISR rejected defendant's proposal. (*Id.*)

In January 2006, ISR began offering PHOENIX WORMs for sale on its website: www.phoenixworm.com. (*Id.* at ¶ 15.) In May 2006, Dr. and Mrs. Sheppard incorporated Insect Science Resource, LLC in Georgia. (Pl.'s Resp. [70] at 14.) Plaintiff contends that at this time "Dr. Sheppard ceased doing business as a sole proprietorship and all interests and liabilities of David Craig Sheppard sole proprietorship were assumed by and incorporated into" plaintiff.

---

[1] As plaintiff was not yet incorporated on this date, it was ISR, and not ISR, LLC, that contacted defendant. As discussed in the Court's previous order, the distinction between the parties is mandated by contract law. (Order [78] at 11.)

2

(*Id.*) Shortly after plaintiff's incorporation, defendant registered the website www.pheonixworm.com, which represented a slight misspelling of Dr. Sheppard's exact mark. (Am. Compl. [60] at ¶ 16.) According to plaintiff, defendant programmed the website to "point" to www.calciworms.com, where defendant sold its own version of *Hermetia illucens*. (*Id.* at ¶¶ 18-21.)

Plaintiff subsequently filed this lawsuit against defendant, asserting federal and state law claims for trademark infringement and unfair competition, as well as a federal claim for cybersquatting.[2] (Compl. [1] at ¶¶ 30-51.) Following discovery, defendant filed a motion to dismiss plaintiff's claims for lack of standing. (Def.'s Mot. to Dismiss [68].) Seeking to remedy the alleged standing defects in its complaint, plaintiff filed its second motion to amend the complaint to add a party plaintiff. (Pl.'s Mot. to Amend [72].) The Court granted defendant's motion to dismiss, and denied plaintiff's motion to amend as moot. (Order [78].) In its order, the Court found that plaintiff lacked standing because it did not own the trademark at issue when it filed this case. (*Id.* at 8-16.)

Plaintiff has filed a motion for reconsideration of the Court's order, which is presently before the Court. (Pl.'s Mot. for Reconsideration [80].) In support of its motion, plaintiff argues that while the Court was correct that plaintiff did not have standing

---

[2] Plaintiff added a new federal claim for false advertising in its Amended Complaint [60], but that claim is not at issue in the Motion for Reconsideration [80].

3

under 15 U.S.C. § 1114, plaintiff did have standing under 15 U.S.C. §§ 1125(a) and 1125(d) as a result of its authorized use and ownership of the domain name phoenixworm.com. (*Id.*)

## DISCUSSION

### I. Applicable Standard

Local Rule 7.2(E) authorizes a motion for reconsideration when "absolutely necessary." LR 7.2(E), NDGa. Reconsideration may be necessary where there is "the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). However, parties cannot use a motion for reconsideration to "relitigate old matters" or "raise argument[s] . . . that could have been raised" earlier. *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). *See also Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (a motion for reconsideration is not "a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment").

4

II.  **Reconsideration Is Not Warranted.**

   A.   *Plaintiff's Motion Is Based On A New Legal Theory.*

   Plaintiff's motion does not identify any newly discovered evidence or intervening developments or changes in the controlling law. (Pl.'s Mot. for Recons. [80].) Thus, although plaintiff does not specifically make this claim, the argument underlying the motion appears to be that the Court made a "clear error" of law in its prior order because plaintiff allegedly had standing under 15 U.S.C. §§ 1125(a) and 1125(d) as a result of its use of the domain name "phoenixworm.com." (*Id.*)

   In its order dismissing plaintiff's claims, the Court determined that plaintiff did not have standing because it did not own the trademark at issue. (Order [78] at 8-10.) Plaintiff now argues that the Court conflated the standing requirements for 15 U.S.C. § 1114, which requires plaintiff to be the registrant of the trademark, with the standing requirements for 15 U.S.C. §§ 1125(a) and 1125(d), which require plaintiff to be the *owner* of the trademark. (Pl.'s Mot. for Reconsideration [80].) According to plaintiff, its ownership of the website domain name phoenixworm.com conferred standing to bring claims under 15 U.S.C. §§ 1125(a) and 1125(d). (*Id.*)

   Plaintiff's argument is unpersuasive. As an initial matter, plaintiff never raised the standing requirements for 15 U.S.C. §§ 1125(a) and 1125(d) in its briefing on the motion to dismiss. (Pl.'s Resp. [70].) Neither did plaintiff ever argue, until now, that its

5

ownership of the domain name phoenixworm.com conferred any enforceable trademark rights. (*Id.*) Plaintiff provides no explanation whatsoever for its failure to raise this issue in its previous filings. *See Brinson v. United States*, 2009 WL 2058168 at *1 (N.D. Ga. 2009)(Story, J.)("[t]he Court's decisions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure")(internal citations omitted).

Moreover, plaintiff's argument is inconsistent with the claims it actually asserted. (*See* Am. Compl. [60].) Although a domain name may in some cases constitute a mark, plaintiff's claims under 15 U.S.C. §§ 1125(a) and 1125(d) have always been based on ownership of the PHOENIX WORM trademark, not the domain name. (*Id.* at ¶¶ 2, 7.) Even now, plaintiff only asserts in the most conclusory manner that it is the owner of a trademark associated with the domain name of its website. (Pl.'s Mot. for Recons. [80].) Plaintiff's new allegations concerning the domain name are insufficient to survive dismissal under the *Twombly* standard.[3] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(a complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

---

[3] For this reason, plaintiff's reliance on *Argos v. Orthotec LLC*, 304 F. Supp. 2d 591 (D. Del. 2004) is misplaced. In *Argos* there was no question that plaintiff owned the trademark underlying the domain name. *Id.* at 591. Moreover, *Argos* dealt with the "use in commerce" provision of 15 U.S.C. § 1125(a), not the "owner" provision at issue here. *Id.* at 594-95.

6

action" to survive a motion to dismiss). The Court is thus satisfied that there is no need to correct a "clear legal error" in its previous order.

As mentioned above, motions for reconsideration are not intended to give the moving party a second "bite at the apple" by permitting it to raise issues that could and should have been addressed prior to judgment. *Mincey*, 206 F.3d at 1137. That is exactly what plaintiff now seeks by advancing, for the first time, its argument for standing based on its ownership of a domain name. Plaintiff's motion clearly fails to meet the standard set forth in cases interpreting Local Rule 7.2(E). *See Preserve Endangered Areas of Cobb's History, Inc.*, 916 F. Supp. at 1560 and *Michael Linet, Inc.*, 408 F.3d at 763. Accordingly, plaintiff's motion for reconsideration of the Court's ruling standing should be **DENIED**.

B.  There Is No Basis For Reconsideration Of The Court's Denial Of Plaintiff's Motion To Add A Party Plaintiff.

Plaintiff's request that the Court reconsider its decision denying plaintiff's motion to add a party plaintiff is similarly unavailing. Only after defendant filed its motion to dismiss for lack of standing did plaintiff request a second amendment of the complaint to add a party, even though discovery had ended in this case on May 5, 2008. (*See* Scheduling Order [15] at 1.) Under the circumstances, the Court agrees with defendant that plaintiff's motion to amend was an improper attempt to cure a fatal standing

7

defect, retroactively, by using a backdoor method to reactivate the case. (Def.'s Resp. to Pl.'s Mot. for Recons. [81] at 6.)

In its motion to reconsider, plaintiff argues that its proposed amendment "would not seek to retroactively cure a defect in standing but rather would serve to add a claim pursuant to [FED. R. CIV. P.] 15 because justice so requires." (Pl.'s Mot. for Recons. [80] at 5.) *See* FED. R. CIV. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). However, plaintiff does not explain in its motion why justice would require an amendment at this stage of the proceedings. Furthermore, plaintiff does not only seek to amend the pleadings. Rather, it seeks to add a new party and that party's claims, which FED. R. CIV. P. 15 does not allow. Plaintiff cites no other rule that would authorize it to join additional parties.

The Court's scheduling order, which set the discovery deadline at May 5, 2008, prohibits the addition of new parties and claims at this stage of litigation. (*See* Scheduling Order [15] at 1.) Under FED. R. CIV. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Eleventh Circuit has ruled that the "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (explaining that FED. R. CIV. P.

8

16, not FED. R. CIV. P. 15, governs a party's attempt to add a party after a scheduling order deadline and affirming the district court's denial of a motion to add a party under FED. R. CIV. P. 16(b)(4) where the plaintiff had knowledge of the party's existence and proper role in the case long before the deadline, but was not diligent in pursuing joinder).

As in *Sosa*, plaintiff cannot show good cause or diligence in waiting until now to seek joinder of a party. *Sosa*, 133 F.3d at 1418. Dr. Sheppard was always available, and plaintiff offers no reason for failing to join him prior to the deadline set forth in the scheduling order. Accordingly, the Court **DENIES** plaintiff's motion to reconsider the Court's ruling on plaintiff's motion to amend and add a party. The Court reiterates that the correct plaintiff is not prejudiced by this ruling, and is free to refile this case. (*See* Order [78] at 14.)

## CONCLUSION

For the above reasons, the Court finds that plaintiff's Motion for Reconsideration [80] should be **DENIED**.

SO ORDERED, this 30 day of September, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

9